## Funk et al. *v.* School District of Abington Township, Appellant.

Argued March 30, 1936.    Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harry S. Ambler, Jr.,* with him *Frank R. Ambler,* for appellant.

*Henry A. Frye,* with him *George A. Purring,* for appellees.

PER CURIAM, April 30, 1936:

The specifications upon which appellees relied in submitting their bid for the erection of a school building, stated that test holes made for determining the nature of the soil in the excavation showed loamy earth from the surface to approximately four and one-half feet; small stone and boulders from four and one-half feet to ten feet; and hard bed rock from ten feet to twenty feet. These borings, though made outside the building line, were within the area of the excavation work, and conveyed the idea that the strata of earth as described were continuous throughout the entire area to be excavated. Appellant admitted at argument that these representations were inaccurate; instead of hard rock being confined to ten or twenty feet below the surface, it was encountered from one to two feet below the surface and necessitated the removal of over five thousand cubic yards of rock more than originally contemplated. This

extra work delayed completion of the building beyond the date specified and forced appellees to continue the work far into the winter under adverse labor conditions, causing considerable additional expense which otherwise would have been avoided.

The contract contained a clause providing that there should be an "equitable adjustment" in the event the quantities were so changed from the specifications that the agreed unit price for such quantity would entail a hardship. Appellees instituted this action for a breach of warranty implied from the false representation as to the character of the subsoil, claiming damages as a consequence thereof in the sum of $51,536.48, with interest from December 15, 1930, or an equitable adjustment of its loss. The jury returned a verdict of $20,000, upon which a judgment was entered. This appeal follows.

The specifications stating generally subsurface conditions were representations upon which appellees were entitled to rely without further investigation as to their truth or falsity: *Hollerbach v. U. S.*, 233 U. S. 165; *U. S. v. Atlantic Dredging Co.*, 253 U. S. 1; *Christie v. U. S.*, 237 U. S. 234. This case was chiefly concerned with the damages assessed. The court below eliminated various items embodied in appellees' claim, so that as submitted to the jury it amounted to $35,941.62, with interest from December 15, 1930. There was little or no dispute as to the following items: $7,535 for removing extra rock; an unpaid balance of $1,405.19 due under the contract; and the interest for a period of over four years. These items account for over $11,000 of the verdict, leaving approximately $9,000, including interest, as compensation for loss. Appellant admitted that the extra rock delayed the performance of the contract and caused appellees some loss, the only dispute being as to the length of the delay caused thereby and the amount of damages consequential thereupon. Under the circumstances we find no reversible error in the record, and we

agree with the conclusion of the court below that the verdict of the jury worked substantial justice.

Judgment affirmed.